UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-24117-CIV-BLOOM/OTAZO-REYES
(Case No. 15-20677-CR-MORENO)

RICHARD SHELLEY,

      Movant,

v.

UNITED STATES OF AMERICA,

      Respondent.

_____/

## REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Movant Richard Shelley's ("Movant" or "Shelley") Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (hereafter, "Amended Motion to Vacate") [D.E. 14]. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Beth Bloom, United States District Judge [D.E. 5]. On April 15, 2021, the undersigned held a hearing, which was limited to oral argument [D.E. 21, 22]. Thereafter, the undersigned permitted Movant to submit supplemental case law and the government to submit responsive case law, if any [D.E. 22]. Shelley submitted Supplemental Authority [D.E. 23], to which the government did not respond. Having fully considered the parties' written submissions and having heard the argument of counsel, the undersigned RESPECTFULLY RECOMMENDS that Shelley's Amended Motion to Vacate be DENIED.

## THE UNDERLYING CRIMINAL CASE

On August 28, 2015, a grand jury charged Shelley, Everton Minott ("Minott") and N'Namdi Gibson ("Gibson") in Case No. 15-20677-CR-MORENO (hereafter, "Case 15-20677")

with the following offenses:

Count 1:    Conspiracy to possess with intent to distribute cocaine, from May 9, 2015 to May 12, 2015, in violation of 21 U.S.C. §§ 841 & 846, against Shelley, Minott and Gibson.

Count 2:    Attempt to possess with intent to distribute cocaine, on May 12, 2015, in violation of 21 U.S.C. §§ 841 & 846, against Shelley, Minott and Gibson.

Count 3:    Possession of a firearm in furtherance of the drug trafficking crime charged in Count 1, on May 12, 2015, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) & 2, against Minott.

Count 4:    Possession of a firearm in furtherance of the drug trafficking crime charged in Count 1, on May 12, 2015, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) & 2, against Shelley.

Count 5:    Possession of a firearm in furtherance of the drug trafficking crime charged in Count 1, on May 12, 2015, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i) & 2, against Gibson.

Count 6:    Possession of a firearm by an illegal alien, on May 12, 2015, in violation of 18 U.S.C. §§ 924(g)(5)(A), against Minott.

See Indictment [Case 15-20677, D.E. 1].

On September 11, 2015, Shelley made his initial appearance and on September 16, 2015 Attorney Jose Rafael Rodriguez ("Attorney Rodriguez") was appointed to represent him pursuant to the Criminal Justice Act ("CJA") [Case 15-20677, D.E. 10, 15].

On December 7, 2015, a jury trial began as to Shelley and Gibson [Case 15-20677, D.E. 73]. On December 10, 2015, the jury found Shelley guilty as to Count 2 and further found that the amount of cocaine involved in that offense was 500 grams of more. See Jury Verdict [Case 15-20677, D.E. 84]. The jury found Shelly not guilty as to Counts 1 and 4. Id. The jury also found Gibson not guilty as to all counts. See Jury Verdict [Case 15-20677, D.E. 86].

Minott did not go to trial and, on November 30, 2015, he pled guilty to Counts 1 and 3 of the Indictment. See Minute Entry, Stipulated Factual Proffer [Case 15-20677, D.E. 59, 60].

According to the Stipulated Factual Proffer, two kilograms of cocaine were used in the transaction underlying Count 1 of the Indictment. See Stipulated Factual Proffer [Case 15-20677, D.E. 60 at 3]. Minott also pled guilty to Count 2 of the Indictment in Case No. 15-20760-CR-JAL/FAM (hereafter, "Case 15-20760"), which charged him with aggravated identity theft, on March 28, 2013, in violation of 18 U.S.C. § 1028A(a)(1). See Factual Proffer [Case 15-20677, D.E. 60]; Indictment [Case 15-20760, D.E. 7].[1]

On February 9, 2016, Minott was sentenced to two consecutive terms of 60 months each as to Counts 1 and 3 of the Indictment, for a total of 120 months, to run consecutively to the 24-month sentence imposed in Case 15-20760. See Judgment [Case 15-20677, D.E. 111].

On the same day, Shelley was adjudged guilty as to Count 2 of the Indictment and sentenced to a term of imprisonment of 240 months, followed by a 5-year term of supervised release. See Judgment [Case 15-20677, D.E. 112]. On February 19, 2016, Shelley appealed the judgment and sentence imposed on him. See Notice of Appeal [Case 15-20677, D.E. 115].[2]

On March 5, 2019, the Eleventh Circuit Court of Appeals affirmed Shelley's conviction and sentence. See United States v. Shelley, 760 F. App'x 657 (11th Cir. 2019). On appeal, Shelley argued that "the district court erred by denying his challenge under Batson v. Kentucky, 476 U.S. 79 (1986)." Shelley, 760 F. App'x at 659. Shelley also challenged his 240-month sentence as procedurally erroneous and substantively unreasonable. Id.

The appellate court addressed Shelley's Batson challenge as follows:

First, Shelley argues that the district court erred in failing to make a finding that a prospective African-American juror was struck for a non-discriminatory reason under Batson. We review for clear error a trial judge's finding that a prosecutor has exercised peremptory strikes free of discriminatory intent. United States v. Alston,

---

[1] On November 25, 2015, Case 15-20677 and Case 15-20760 were consolidated before the Honorable Federico A. Moreno, United States District Judge. See Order Accepting Transfer of Case No. 15-CR-20760-LENARD [Case 15-20677, D.E. 54].
[2] On February 24, 2015, Shelley filed a duplicate Notice of Appeal [Case 15-20677, D.E. 116].

895 F.2d 1362, 1366 (11th Cir. 1990). The trial judge's assessment of the prosecutor's credibility is entitled to great deference. *Batson*, 476 U.S. at 98 n.21.

Although a prosecutor ordinarily is entitled to use peremptory challenges for any reason, the Equal Protection Clause forbids a prosecutor from challenging potential jurors solely on account of their race. *Id.* at 89. *Batson* provides a three-step process for trial courts to use in determining whether a peremptory challenge was based on race: (1) the objecting party must make a prima facie showing that the peremptory challenge is exercised on the basis of race; (2) the burden then shifts to the challenger to articulate a race-neutral explanation for striking the juror in question; and (3) the trial court must determine whether the objecting party has carried its burden of proving purposeful discrimination. *United States v. Allen-Brown*, 243 F.3d 1293, 1297 (11th Cir. 2001). The ultimate burden of persuasion, however, remains with the party challenging the strike as discriminatory. *United States v. Hill*, 643 F.3d 807, 837 (11th Cir. 2011).

Shelley argues that the district court erred by failing to make a finding that the government used a peremptory strike on a prospective African-American juror for a non-discriminatory reason. The district court was not, however, required to make this finding because Shelley failed to object to the government's use of a peremptory strike on the prospective juror. *See Allen-Brown*, 243 F.3d at 1297. Because Shelley did not properly raise a *Batson* challenge to the prospective juror in question, the district court did not err by failing to make a finding that the prospective juror was struck for a non-discriminatory reason.

Shelley, 760 F. App'x at 659-60.

With regard to the drug amount, Shelley argued that he should have only been held accountable for the kilograms of cocaine that he agreed to purchase, rather than the four kilograms used to compute his sentence. Id. at 663. The appellate court addressed this issue as follows:

The district court did not clearly err in attributing four kilograms of cocaine to Shelley as his recorded statements to the CI demonstrated his intent to purchase four kilograms. *See* U.S.S.G § 2D1.1, comment. (n.5). Shelley initially discussed purchasing four kilograms of cocaine from the CI, but then restructured the deal to purchase two kilograms at the outset and purchase the other two kilograms if the cocaine was of sufficient quality. Shelley went on to state to the CI that he could pick up the additional two kilograms the next day. Based upon these conversations, the district court had grounds to find, by a preponderance of the evidence, that Shelley's relevant conduct included a four, not merely two, kilogram deal. The commentary of § 2D1.1 further supports the district court's four kilogram finding, as "the agreed-upon quantity of the controlled substance would more accurately reflect the scale of the offense because the amount actually delivered is controlled by the government, not the defendant." U.S.S.G. § 2D1.1, comment. (n.5). Thus,

4

although the CI only brought two kilograms of cocaine to the purchase site, Shelley's recorded statements made to the CI clearly indicate his intent to purchase the additional two kilograms the next day. Shelley failed to establish that he did not intend to purchase the additional two kilograms of cocaine. *See id.* Nor has Shelley established that he was not reasonably capable of purchasing the additional two kilograms, as his statements indicate that he could sell the first two kilograms in a single day and use those profits to purchase the next two kilograms. *See id.* Accordingly, the district court did not clearly err in attributing four kilograms of cocaine to Shelley, as the district court's finding was plausible on the record. *See McPhee*, 336 F.3d 1275.

Shelley, 760 F. App'x at 664.

Finally, with regard to sentencing disparity, the appellate court stated:

Moreover, the fact that Shelley's co-defendant received a substantially shorter sentence does not alter the result. Although one of the § 3553(a) factors does require the court to "avoid unwarranted sentence disparities," 18 U.S.C. § 3553(a)(6), Shelley's co-defendant pleaded guilty and accepted responsibility for the offense, which the district court considered when finding Shelley more culpable than his co-defendant. This is especially true when Shelley's co-defendant was only participating in a drug transaction that Shelley helped instigate and facilitate. Accordingly, Shelley has not shown that his and his co-defendant's situations are similar enough that the differences between their sentences are unwarranted. *See United States v. Williams*, 526 F.3d 1312, 1323 (11th Cir. 2008); *see also* 18 U.S.C. § 3553(a)(6).

Shelley, 760 F. App'x at 666.

On October 7, 2019, the United States Supreme Court denied Shelley's petition for writ of certiorari. See Shelley v. United States, 140 S. Ct. 272 (2019). Shelley's original Motion to Vacate was filed on October 7, 2020, within one year of certiorari denial, as required by 28 U.S.C. § 2255 (f). There is no timeliness challenge to the Amended Motion to Vacate.

### THE AMENDED MOTION TO VACATE

Shelley's Amended Motion to Vacate lists the following grounds:

GROUND ONE:     Trial counsel was ineffective for failing to object to the government's *Batson* violation.

GROUND TWO:     Trial counsel was ineffective for failing to object to the district court's drug quantity determination which violated due process and

equal protection.

GROUND THREE:      *Withdrawn.*

GROUND FOUR:       Appellate counsel was ineffective for the reasons stated in Ground Two.

<u>See</u> Amended Motion to Vacate [D.E. 14 at 4-8].[3]

## **APPLICABLE LAW**

A claim for ineffective assistance of counsel under 28 U.S.C. § 2255 is subject to the two-pronged test set out in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).  <u>Strickland</u> requires a criminal defendant to show that: (1) counsel's performance was deficient and (2) the deficiency prejudiced the defendant.  <u>Id.</u> at 687.

As to the first prong, deficient performance means performance outside the wide range of professionally competent assistance.  <u>Id.</u> at 690.  The judiciary's scrutiny of counsel's performance is highly deferential.  <u>Id.</u> at 689.  "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'"  <u>Id.</u> (citing <u>Michel v. Louisiana</u>, 350 U.S. 91, 101 (1955)).  "In reviewing counsel's performance, a court must avoid using 'the distorting effects of hindsight' and must evaluate the reasonableness of counsel's performance 'from counsel's perspective at the time.'"  <u>Chandler v. United States</u>, 218 F.3d 1305, 1316 (11th Cir. 2000) (citing <u>Strickland</u>, 466 U.S. at 689).   In order for counsel's performance to be considered unreasonable, it must be such that "no competent counsel would have taken the action that . . . counsel did take."  <u>Grayson v. Thompson</u>, 257 F.3d 1194, 1216 (11th

---

[3]  On March 12, 2021, Shelley withdrew the allocution ineffectiveness claims he had asserted in Ground 3 with respect to trial counsel and in Ground 4 with respect to appellate counsel.  <u>See</u> Unopposed Motion to Withdraw Allocution Ineffectiveness Claims [D.E. 19]; Paperless Order [D.E. 20].

Cir. 2001) (emphasis omitted) (citing <u>Holladay v. Haley</u>, 209 F.3d 1243, 1253 n.6 (11th Cir. 2000)). "When courts are examining the performance of an experienced trial counsel, the presumption that his conduct was reasonable is even stronger" and the challenged actions may be considered sound strategy. <u>Chandler</u>, 218 F.3d at 1316 (footnote omitted) (citing <u>Provenzano v. Singletary</u>, 148 F.3d 1327, 1332 (11th Cir. 1998)); <u>see also</u> <u>Strickland</u>, 466 U.S. at 689.

As to the second prong, a defendant establishes prejudice by showing that, but for counsel's deficient performance, there is a reasonable probability the outcome of the proceedings would have been different. <u>Strickland</u>, 466 U.S. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceedings. <u>Id.</u>

A defendant must satisfy both the deficiency and prejudice prongs set forth in <u>Strickland</u> to obtain relief on an ineffective assistance of counsel claim; failure to establish either prong is fatal and makes it unnecessary to consider the other one. <u>Id.</u> at 697. The Eleventh Circuit has recognized that, given the principles and presumptions associated with ineffective assistance claims, "the cases in which habeas petitioners can properly prevail are few and far between." <u>Chandler</u>, 218 F.3d at 1313 (alteration omitted) (quoting <u>Waters v. Thomas</u>, 46 F.3d 1506, 1511 (11th Cir. 1995)). The burden of persuasion on the movant is preponderance of the evidence. <u>Chandler</u>, 218 F.3d at 1313.

## **DISCUSSION**

As noted above, Shelley's ineffective assistance of counsel claims are predicated on his trial counsel's purported failure to make a *Batson* challenge during jury selection (Ground One) and his trial and appellate counsels' purported failure to object to the drug quantity applied at sentencing (Grounds Two and Four). The undersigned finds no merit in any of these arguments.

### A. *Shelley's claim of ineffective assistance of trial counsel in Ground One.*

During jury selection, the government exercised a peremptory challenge to strike juror Walter Lubin ("Mr. Lubin").  <u>See</u> Trial Transcript [Case 15-20677, D.E. 162 at 149].  There was no *Batson* challenge to the peremptory striking of Mr. Lubin, who had disclosed during *voir dire* that he had been previously arrested for domestic violence.  <u>Id.</u> at 70.  Thereafter, the following colloquy was held:

> THE COURT: Shirley Sims. Government?
> MR. BROWNE: Strike.
> MR. RODRIGUEZ: I'm sorry, Your Honor, but that's the second black member of the panel that the Government has stricken peremptorily.
> THE COURT: Is that the lady whose son it was that was arrested?
> MR. BROWNE: And she said specifically --
> THE COURT: Who was the first one?
> MR. RODRIGUEZ: I have Lubin.
> THE COURT: Okay. Tell me if she is a black lady and had extensive conversation about her son being arrested. What do you want to say, Mr. Browne?
> MR. BROWNE: I took issue with her characterization. Five years was too much and no one got killed and first time offense. I think that she obviously sympathized with her son.
> THE COURT: Most mothers do, which is why I don't usually have them testify.
> MR. BROWNE: I would think that someone thinks robbery is not a serious crime if someone doesn't get killed.
> THE COURT: Many mothers, sometimes they're even -- She's not the only juror who thinks their son or nephew didn't do anything wrong. Though, she did say that he was wrong and the punishment -- I think that's a sufficient reason not related to her race and I will allow it in the exercise of the peremptory challenge. It wouldn't be enough for cause, but it is enough for peremptory.

<u>Id.</u> at 150-51.

As noted above, the appellate court rejected Shelley's argument with respect to Mr. Lubin "that the district court erred by failing to make a finding that the government used a peremptory strike on a prospective African-American juror for a non-discriminatory reason" given that Shelley "did not properly raise a *Batson* challenge to the prospective juror in question."  <u>See</u> Mandate

[Case 15-20677, D.E. 169 at 5].  Shelley now presents the same argument clothed as an ineffective assistance of counsel claim.

### 1. *Performance prong.*

In his Motion to Vacate, Shelley contends that his trial counsel was ineffective for failing to raise a *Batson* challenge as to Mr. Lubin.  In support of this argument, Shelley references the above-quoted colloquy that occurred in relation to juror Sims and then posits that "even the exercise of one peremptory challenge for a discriminatory reason violates *Batson*; there is no requirement that the defendant establish a pattern."  See Memorandum of Law in Support of Amended 28 U.S.C § 2255 Motion (hereafter, "Memorandum") [D.E. 14-1 at 5] (citing United States v. Horsely, 864 F.2d 1543, 1546 (11th Cir. 1989); United States v. David, 803 F.2d 1567, 1571 (11th Cir. 1986)).  The logical corollary to Shelley's argument is that, in order to provide effective assistance at trial, defense counsel must articulate a *Batson* challenge every time the government utilizes a peremptory strike against a black juror.  However, Shelley proffers no legal support whatsoever for imposing such a stringent performance standard on trial counsel.

Alternatively, at the April 15, 2021 oral argument, Shelley contended that trial counsel was ineffective because he did not retrospectively present a *Batson* challenge as to Mr. Lubin at the time juror Shirley Sims was being discussed.  In his supplemental case law submission, Shelley cited United States v. Chandler, 996 F.2d 1073, 1102 (11th Cir. 1993) for the proposition that a *Batson* challenge is timely if made at some point during *voir dire*.  See Supplemental Authority [D.E. 23 at 1].  In Chandler, the Eleventh Circuit ruled that a *Batson* claim raised in a motion for new trial was untimely and waived, adding, "An objection is timely if it is made during *voir dire*." Id.  Thus, nothing in Chandler supports Shelley's contention that his trial counsel was ineffective

for not presenting a *Batson* challenge as to Mr. Lubin after that juror had been peremptorily stricken.  Therefore, Shelley does not satisfy the performance prong of the <u>Strickland</u> analysis.

Given this failure, the undersigned need not consider the prejudice prong.  <u>Strickland</u>, 466 U.S. at 697.  However, in an abundance of caution, the undersigned also addresses the prejudice prong.

### 2. *Prejudice prong.*

Shelley further argues that his trial counsel's purported ineffectiveness is "presumptively prejudicial" because he was denied a specific proceeding within his criminal case, namely, a *Batson* challenge proceeding.  <u>See</u> Memorandum [D.E. 14-1 at 7-8] (citing <u>Lee v. United States</u>, 137 S. Ct. 1958, 1965 (2017); <u>Carrera v. Ayers</u>, 699 F.3d 1104, 1107-08 (9th Cir. 2012)).  However, <u>Carrera</u> does not support Shelley's presumptive prejudice theory, given the court's analysis and rejection of Carrera's prejudice prong arguments.  <u>See</u> <u>Carrera</u>, 699 F.3d at 1111 ("[W]e cannot say Carrera has carried his burden of proof to show that he was prejudiced by his counsel's failure to object to the prosecutor's peremptory strikes.").

Moreover, other than calling it "presumptively prejudicial," Shelley has failed to make any showing that, but for counsel's allegedly deficient performance, there is a reasonable probability the outcome of his trial would have been different if his trial counsel had objected to Mr. Lubin's peremptory strike.  <u>Strickland</u>, 466 U.S. at 694.  Indeed, Shelley could not make such a showing even if he had tried, given that the jury that convicted him included four black females.  <u>See</u> Trial Transcript [Case 15-20677, D.E. 131 at 8] ("THE COURT: You chose four black women since there was a little discussion about that, as I recall correctly. That's what I think.").  Therefore, Shelley does not satisfy the prejudice prong of the <u>Strickland</u> analysis.

Based on the foregoing considerations, Shelley's claim of ineffective assistance of counsel in Ground One fails.

### B. Shelley's claim of ineffective assistance of trial and appellate counsel in Grounds Two and Four.

In Grounds Two and Four, Shelley brings ineffective assistance of counsel claims against his trial and appellate counsel, respectively, for their purported failure to object to the drug quantity applied at sentencing. As noted above, co-Defendant Minott's Stipulated Factual Proffer provided that two kilograms of cocaine were used in the transaction underlying the conspiracy charge against Minott in Count 1 of the Indictment. See Stipulated Factual Proffer [Case 15-20677, D.E. 60 at 3]. However, Shelley was sentenced on the basis of four kilograms of cocaine, which determination was upheld on appeal. See Mandate [Case 15-20677, D.E. 169 at 15-16].

Shelley now contends that his trial counsel was ineffective for failing to "object to the Court's differing drug quantify determinations, at the same hearing, on Due Process and Equal Protection grounds." See Memorandum [D.E. 14-1 at 8]. Shelley makes the same argument with respect to appellate counsel. Id. at 10.

### 1. Performance prong.

In his Amended Motion to Vacate, Shelley did not provide any legal authority for this Due Process and Equal Protection based ineffective assistance of counsel argument. In his supplemental case law submission, Shelley conceded that he "was not able to locate an equal protection case involving the kind of facts presented here. The Eleventh Circuit in *United States v. Chotas*, 968 F.2d 1193, 1198 (11th Cir. 1992) generally rejected the idea of disparity based arguments, but *Chotas* did not involve an equal protection claim." See Supplemental Authority [D.E. 23 at 2]. Given this lack of legal support, it cannot be said that the performance of Shelley's trial and appellate was outside the wide range of professionally competent assistance. Strickland,

466 U.S. at 690.  Because Shelley has not satisfied the performance prong, the undersigned need not consider the prejudice prong.  <u>Strickland</u>, 466 U.S. at 697.  However, the undersigned will do so in an abundance of caution.

   *2. Prejudice prong.*

   To satisfy the prejudice prong, Shelley must show that, but for counsel's purportedly deficient performance, there is a reasonable probability the outcome of the proceedings would have been different.  <u>Strickland</u>, 466 U.S. at 694.  However, the record clearly refutes such potentiality.  As noted above, Minott and Shelley were sentenced on the same day, and the Court made the following remarks with regard to his trial counsel's objections to the drug amount imputed to Shelley:

> and I find it was reasonably foreseeable and, in fact, I probably should have done it with the codefendant. The only reason I didn't do it with the codefendant is because the proffer limited it to two kilos, and I think that's the fair thing to do.

<u>See</u> Sentencing Transcript [Case 15-20677, D.E. 126 at 21].  Moreover, as noted above, the Eleventh Circuit addressed, and rejected, the sentencing disparity arguments raised by Shelley's appellate counsel.  Based on the foregoing, the record clearly refutes the potentiality for a different outcome, had Shelley's trial and apparent counsel raised the legally unsupported Due Process and Equal Protection arguments advocated by his post-conviction counsel.  Thus, Shelley has not satisfied the prejudice prong. <u>Strickland</u>, 466 U.S. at 694.

   Based on the foregoing considerations, Shelley's claims of ineffective assistance of counsel in Grounds Two and Four fail.

## **<u>RECOMMENDATION</u>**

   Based on the foregoing considerations, it is RESPECTFULLY RECOMMENDED that Shelley's Amended Motion to Vacate be DENIED.

The parties have **fourteen (14) days** from the date of receipt of this Report and Recommendation within which to serve and file objections, if any, with the Honorable Beth Bloom, United States District Judge. <u>See</u> Local Magistrate Rule 4(b). Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein. <u>See</u> <u>Resolution Tr. Corp. v. Hallmark Builders, Inc.</u>, 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." <u>See</u> 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Chambers at Miami, Florida, this <u>26th</u> day of June, 2021.

_____
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

Copies provided via CM/ECF to:

United States District Beth Bloom
Counsel of record