UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-24117-BLOOM/Otazo-Reyes

RICHARD SHELLEY,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.

_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS

**THIS CAUSE** is before the Court upon Movant Richard Shelley's Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence, ECF No. [14], filed on December 28, 2020 ("Amended Motion"). On June 26, 2021, Magistrate Judge Otazo-Reyes issued a Report and Recommendations ("R&R"), recommending that the Motion be denied. ECF No. [24]. Movant filed a timely objection, ECF No. [25] ("Objection"), to which the Government filed a response, ECF No. [26].

The Court has conducted a *de novo* review of the portions of the R&R to which Movant has objected, in accordance with 28 U.S.C. § 636(b)(1)(C), and the remainder of the R&R for clear error. *Taylor v. Cardiovascular Specialists, P.C.*, 4 F. Supp. 3d 1374, 1377 (N.D. Ga. 2014) (citing *United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983)). In his Objection, Movant objects to only one aspect of the R&R: 1) the Magistrate Judge erred in finding that counsel was not ineffective for failing to object to the Government's violation under *Batson v. Kentucky*, 476 U.S. 79 (1986). Specifically, Movant argues first that the Magistrate Judge erred in finding that there was nothing to support his contention that his trial attorney was ineffective for failing to raise a

*Batson* challenge, where the record demonstrates that the attorney attempted, albeit unsuccessfully, to raise such a challenge when the Government used a peremptory strike against a black juror. Second, Movant argues that the Magistrate Judge further erred by finding that Movant could not show that he was presumptively denied the right to a *Batson* challenge proceeding because he failed to prove the deficient performance prong under *Strickland v. Washington*, 466 U.S. 668 (1984).

Upon review, the objection is improper because it restates the arguments already made in the Amended Motion and simply disagrees with Judge Otazo-Reyes's conclusions. "It is improper for an objecting party to . . . submit [ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a R & R." *Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)).

Moreover, Movant's second argument disregards the R&R's further finding that Movant failed to make any showing that, but for his counsel's allegedly deficient performance, there is a reasonable probability that he outcome of his trial would have been different had his counsel made a proper *Batson* challenge. Indeed, the R&R properly notes that Movant could not make such a showing in any event, since the jury that convicted him included four black females. As a result, Movant's objection is due to be overruled.

After careful consideration, the Court finds the R&R to be well-reasoned and correct. Furthermore, the Court does not find that the issuance of a certificate of appealability is warranted here. "The district court must issue or deny a certificate of appealability when it enters a final order

adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. "If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." *Id.* A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of constitutional right." 28 U.S.C. § 2253(c)(2). This standard is satisfied when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon consideration of the record, Movant's disagreement with the R&R's ultimate conclusions does not satisfy this standard.

Accordingly, it is **ORDERED and ADJUDGED** as follows:

1. The R&R, **ECF No. [24]**, is **ADOPTED**;

2. The Amended Motion, **ECF No. [14]**, is **DENIED**;

3. No Certificate of Appealability shall issue;

4. Any pending motions are **DENIED AS MOOT**; and

5. The Clerk shall **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 9, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record